IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| CUTTER DOY HUTCHISON, | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| v. | § | 2:24-CV-056-Z-BR |
| GRAY COUNTY JAIL, *et al.*, | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS COMPLAINT**

Before the Court is the Complaint (ECF 3) filed by Plaintiff Cutter Doy Hutchison ("Hutchison") against Defendants Gray County Jail, Gracie Skinner, J. Archibald and Cindy Mills, alleging violations of Hutchison's civil rights under 42 U.S.C. § 1983. Hutchison filed this lawsuit *pro se* while a prisoner in the Gray County Jail and has been granted permission to proceed *in forma pauperis*. As such, his lawsuit is subject to preliminary screening as provided by the Prison Litigation Reform Act ("PLRA"). Pursuant to such screening and for the reasons stated below, the Magistrate Judge recommends that Hutchison's Complaint be DISMISSED under 28 U.S.C. §§ 1915 and 1915A.

## I. STANDARD OF REVIEW

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2017); *see also* Section 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable

1

basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *Wilson v. Barrientos*, 926 F.2d 480, 483-84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire or testimony given during an evidentiary hearing are incorporated into the plaintiff's pleadings).

In evaluating the sufficiency of a complaint, the Court accepts well-pleaded factual allegations as true, but does not credit conclusory allegations that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). While courts hold *pro se* plaintiffs to a more lenient standard than attorneys when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (*citing Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. LEGAL ANALYSIS

### A.    Factual Background.[1]

Hutchison complains that Defendants refused his requests to be seen by an eye specialist to address his severe myopia and longstanding eye issues. (ECF 3 at 4). He claims he is legally blind and that he was told by doctors before his arrival at Gray County Jail that he needed eye surgery to avoid total blindness. (*Id.*). He states that he made repeated requests to Defendants for

---

[1]These background facts are taken from Hutchison's Complaint (ECF 3) and questionnaire responses (ECF 16) and are assumed to be true for the purpose of evaluating the merits of Hutchison's causes of action.

2

an examination by an eye specialist but was refused. He claims Defendant Cindy Mills told him that he needed to wait until he was out of custody to seek medical attention for his eye issues. (*Id.* at 6). However, Hutchison states that, during the pendency of this lawsuit, he has received an eye examination by a specialist, has received treatment, and continues to receive treatment. (ECF 16). For the reasons stated below, the Complaint should be dismissed as frivolous.

**B.     Claim Against Gray County Jail.**

Hutchison names Gray County Jail as a Defendant in this case. Under Federal Rule of Civil Procedure 17(b), in order to be sued, a "part[y] must have the capacity to sue or be sued." *See Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993); *see also* FED. R. CIV. P. 17(b) (capacity to sue or be sued). "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, 3:07CV-1476-M, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007). "State agencies that may sue and be sued are known as jural entities; non-jural entities are not subject to suit." *Thrasher v. Fort Worth Police Dep't*, No. 4:20-cv-350-SDJ-KPJ, 2021 WL 1139746, at *2 (E.D. Tex. Feb. 22, 2021) (defendant Fort Worth Police Department is a non-jural entity that cannot be sued), *R. & R. adopted*, 2021 WL 1123773 (E.D. Tex. Mar. 24, 2021).

In Texas, jails generally are not legal entities capable of being sued, absent express action by the superior corporation to grant them jural authority. *See, e.g., White v. Ermatinger*, No. 3:21-CV-3037-D-BN, 2021 WL 6339266, at *2 (N.D. Tex. Dec. 9, 2021) ("this Court has previously held that the Ellis County Jail is not a jural entity."), *R. & R. adopted*, No. 3:21-CV-3037-D, 2022 WL 94171 (N.D. Tex. Jan. 10, 2022); *Hatton v. Harris Cnty. Jail*, No. CV H-18-1948, 2019 WL 1858826, at *2 (S.D. Tex. Apr. 25, 2019) ("the Harris County Jail … is not a separate legal entity from Harris County and therefore it lacks the legal capacity to be sued"); *West v. Lew Sterrett Just.*

*Ctr. of Dallas Cnty.*, No. 1:15-CV-219-SS, 2015 WL 1651539, at *3 (W.D. Tex. Apr. 14, 2015) ("Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit--and specifically that the Lew Sterrett Justice Center is not a jural entity subject to suit.").

Hutchison pleads no facts demonstrating a grant of jural authority to the Gray County Jail. In addition, the jail is not liable for the actions of its employees because 42 U.S.C. § 1983 does not impose vicarious liability. *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988). For these reasons, all claims against the Gray County Jail should be dismissed.

**B.     Claims of Deliberate Indifference.**

Hutchison claims that Defendants violated his constitutional rights by failing to provide medical care for his failing eyesight. The Constitution requires that prison officials provide adequate medical care. *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013). An inmate seeking to establish a constitutional violation regarding medical care must allege facts showing that prison officials were deliberately indifferent to his serious medical needs. *Morris v. Livingston*, 739 F.3d 740, 747 (5th Cir. 2014) (explaining that because "only the 'unnecessary and wanton infliction of pain' implicates the Eighth Amendment, a prisoner advancing such a claim must, at a minimum, allege 'deliberate indifference' to his 'serious' medical needs'") (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (internal quotation omitted) and requires satisfaction of both an objective and a subjective component. *Rogers*, 709 F.3d at 410. An inmate must first prove objective exposure to a substantial risk of serious bodily harm. *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). As to the subjective component, an official acts with deliberate indifference only when he (1) knows the inmate faces "a substantial risk of serious harm" and (2)

4

"disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Gobert*, 463 F.3d at 346; *see also Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999) (per curiam) (stating that prison official is not liable for denial of medical treatment unless he knows of and disregards an excessive risk to inmate health or safety).

An official's "failure to alleviate a significant risk that the official should have perceived, but did not, is insufficient to show deliberate indifference." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) (alterations and internal quotation omitted) (quoting *Farmer*, 511 U.S. at 838). "[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur Cnty.*, 245 F.3d 447, 459 (5th Cir. 2001). Instead, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Brewster*, 587 F.3d at 770 (quoting *Farmer*, 511 U.S. at 837); *see also Lawson v. Dallas Cnty.*, 286 F.3d 257, 262 (5th Cir. 2002) (holding that deliberate indifference is a "subjective inquiry," and inmate must show that the prison official was actually aware of risk of harm and consciously ignored it).

Allegations of malpractice, negligence, or unsuccessful treatment fail to establish deliberate indifference. *Gobert*, 463 F.3d at 346. Similarly, an inmate's disagreement with the medical treatment provided does not give rise to a constitutional claim. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Further, a delay in delivering medical care creates constitutional liability only where the alleged deliberate indifference results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). In sum, an inmate must demonstrate that prison staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs"

to state a viable Eighth Amendment claim for failure to provide care for his serious medical needs. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Hutchison's allegations fail to meet this standard. He fails to allege facts showing that any of the Defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* In fact, he states in his questionnaire responses that he was taken to an eye specialist in April 2024. (ECF 16 at 2). He further claims he received medical care while at Gray County Jail and still receives medical treatment in his current unit. (*Id*. at 9). Although he claims that the delay in care caused him mental anguish, he alleges no facts showing that the delay itself resulted in substantial harm. *Mendoza*, 989 F.2d at 193. Accordingly, Hutchison has failed to state a viable cause of action against Defendants and his claims should be dismissed.

**C.      Injunctive Relief Requested.**

Hutchison seeks a mandatory injunction requiring Defendants to have him examined by an eye specialist for surgery that "needs to be done before los[]ing [his] eyesight completely." (ECF 3 at 4). As noted above, Hutchison's claims arose while he was housed at the Gray County Jail. However, he has since been moved to the Estelle Unit of the Texas Department of Criminal Justice. (ECF 13). He has alleged no facts showing that anyone at the Estelle Unit is withholding medical care from him. All of the named Defendants are located at the Gray County Jail. As a result, Hutchison's claims for injunctive relief are moot and should be dismissed with prejudice. *See Simms v. Preston E. Smith Med. Dep't*, 854 F. App'x 603, 603 (5th Cir. 2021) (per curiam) (affirming district court's dismissal of prisoner's complaint where prisoner only sought injunctive relief against a TDCJ unit from which he had since been transferred); *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) ("The transfer of a prisoner out of an [offending] institution often will

render his claims for injunctive relief moot.").

Because Hutchison's sole requested relief was rendered moot by his transfer, his claims should be dismissed.

**D.      Leave to Amend.**

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). The district court is not required to allow such an opportunity, though, if the prisoner's claims are clearly frivolous, *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), or if the prisoner has pleaded his best case in the current complaint. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020). Hutchison has fully responded to the Court's questionnaire and set out his claims in adequate detail in his Complaint. Further amendment would be futile because he cannot overcome the fact that he seeks injunctive relief against Defendants who are in no position to provide the relief requested due to his transfer out of the Gray County Jail. Hutchison has pleaded his best case; therefore, leave to amend is unnecessary.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge concludes that Hutchison's claims should be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 4, 2025.

*signature*

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).